

**ORDERED in the Southern District of Florida on January 22, 2007.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| _____ ) | |
| In re ) | CASE NO. 05-11395-BKC-RAM |
| ) | CHAPTER 7 |
| KYLE RABIN, ) | |
| ) | |
|      Debtor. ) | |
| _____ ) | |
| ) | |
| BLAIR 11D CONDO, LLC, a ) | |
| Florida limited liability ) | |
| company, ) | |
| ) | |
|      Plaintiff, ) | |
| ) | |
| vs. ) | ADV. NO. 05-6098-BKC-RAM-A |
| ) | |
| KYLE RABIN, ) | |
| ) | |
|      Defendant. ) | |
| _____ ) | |

### ORDER GRANTING DEFENDANT'S MOTION FOR REHEARING

The Court conducted a hearing on October 31, 2006, on Defendant's Motion for Rehearing (CP# 28). Defendant seeks reconsideration of this Court's Final Judgment, entered on July 28,

2006 (CP# 224).  For the reasons that follow, the Motion for Rehearing will be granted and the Court will enter an Amended Final Judgment.

### Factual Background and Procedural History

1.    The Debtor/Defendant entered into a prepetition contract with Plaintiff (the "Contract") to sell a condominium in Bay Harbor Islands, Florida (the "Condo").

2.    The sale had not closed when the Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code on March 1, 2005.

3.    The Condo was listed as homestead and scheduled as exempt on Schedule C in Debtor's Schedules.  No objections to exemptions were filed.

4.    The Debtor attempted to reject the Contract as part of a Chapter 13 Plan.  Plaintiff's Objection to Confirmation (CP# 11) was sustained by Visiting Judge Schermer, although no written Order appears on the docket.

5.    On August 9, 2005, Debtor filed a Notice of Conversion from Chapter 13 to Chapter 7, and the Debtor received his discharge on December 13, 2005.  No motions with respect to the Contract were filed during the Chapter 7 case, and the case is now closed.

6.    On December 2, 2005, Plaintiff filed the Complaint commencing this proceeding.  Count I alleges that Defendant breached his fiduciary duty to Plaintiff by not completing the sale

and that the debt arising from that breach should be excepted from discharge under 11 U.S.C. §523(a)(4). In Count II, Plaintiff seeks declaratory relief that the Contract is not an executory contract. Count III alleges that Plaintiff's claim for specific performance is not a claim under 11 U.S.C. §101(5) and therefore was not discharged in this case. Count IV alleges that the Debtor's interest in the Condo is bare legal title and therefore not property of the estate.

7.   Plaintiff filed a Motion to Dismiss Count I (CP# 11). After a hearing on April 27, 2006, the Court found that the allegations in the Complaint did not establish "fiduciary capacity," a necessary element under §523(a)(4). Accordingly, on May 4, 2006, the Court entered its Order Granting Motion to Dismiss (Count I) (CP# 14).

8.   At a Pretrial Conference on April 27, 2006, the Court also determined that the material facts were not in dispute such that the remaining counts could be resolved by summary judgment. This resulted in a May 8, 2006 Order Setting Deadline to File Motions for Summary Judgment (CP# 17) (the "Scheduling Order"). The Scheduling Order directed the parties to file and serve summary judgment motions by June 2, 2006, and scheduled a hearing on the summary judgment motions for July 6, 2006. The parties jointly moved to continue the hearing, and by Order entered on June 28, 2006 (CP# 21), the summary judgment hearing was continued to July

27, 2006.

9.   At this point, the procedural history took an unusual turn.   Neither party filed a motion for summary judgment, but counsel still appeared for the hearing on July 27, 2006, and were prepared to argue the legal issues.   The Court decided to proceed with oral argument.

10.   Without the benefits of written memoranda, but based on the arguments presented at the July 27, 2006 hearing, the Court entered the July 28, 2006 Final Judgment which is the subject of the Motion for Rehearing.

### Discussion

### A.   The Final Judgment

In its Final Judgment, the Court rejected Plaintiff's argument that execution of the Contract terminated any beneficial interest of the Debtor in the Condo such that the Condo was not property of the estate when the bankruptcy case was filed.   As such, Judgment was entered in favor of the Defendant on Count IV of the Complaint That portion of the Final Judgment is unaffected by this Order.

Next, in its Final Judgment, the Court found that the Contract was an executory contract.  However, the Court concluded that since the Condo subject of the Contract was exempt, it was not a contract which the Trustee could assume or reject under §365. Thus, the Court found that the absence of a motion to assume the Contract within 60 days of conversion to Chapter 7 did not result in

4

rejection under §365(d)(1), because the Contract was not subject to assumption or rejection under §365.

Finally, addressing the discharge issue, the Final Judgment held that Plaintiff's equitable remedy of specific performance was not discharged in the Debtor's Chapter 7 case.  As such, judgment was entered in favor of the Plaintiff on Count III of the Complaint.

Upon consideration of the arguments presented in the Motion for Rehearing and further analysis of the law, the Court concludes that its analysis of §365 and §101(5) in the Final Judgment was wrong.  In addition to the cases cited by the Defendant, the Court has reviewed the well reasoned opinion of District Judge Altonaga issued in September, 2006 thoroughly analyzing similar issues and reaching conclusions opposite to those in the Final Judgment. Matlack v. Gaul, Case No. 06-60299-CIV-ALTONAGA, September 22, 2006.  A discussion of the two issues follows.

### B.    Section 365 Applies to Contracts to Buy or Sell Exempt Property

Upon further analysis, the Court finds no authority limiting §365 to contracts involving non-exempt property.  Section §365(a) authorizes the trustee to "assume or reject any executory contract or unexpired lease of the debtor."  (emphasis added).  Absent any ambiguity in the language of the statute, the Court must abide by the plain meaning of the text.  Lamie v. United States Trustee, 540 U.S. 526, 534 (2004).  Under its plain meaning, §365 applies to all

executory contracts except those specifically excluded from its reach under §365(c).

Having concluded that §365 applies to the Contract at issue here, the Court's Final Judgment for Plaintiff in Count II must be vacated. Pursuant to §348(a), the August 17, 2005 Order converting this case to Chapter 7 constituted the order for relief under Chapter 7. Since the Chapter 7 trustee did not move to assume or reject the Contract within 60 days from that date, the Contract was deemed rejected under §365(d)(1).

**C. Plaintiff's Claim for Specific Performance Was a "Claim" Discharged in the Bankruptcy Case**

In Gaul, the district court addressed the identical issue presented here - Is an alleged right to specific performance a claim dischargeable under the Bankruptcy Code? This Court agrees with the analysis in Gaul, which concluded that a specific performance claim under Florida law is a "claim" under §101(5) of the Bankruptcy Code and therefore dischargeable.

Claim is defined in §101(5) to include "the right to an equitable remedy for breach of performance if such breach gives rise to a right to payment ..." §101(5)(B). The definition should be construed broadly. Ohio v. Kovacs, 469 U.S. 274, 279 (1985); Epstein v. Official Comm. Of Unsecured Creditors, 58 F.3d 1573, 1576 (11th Cir. 1995).

Legislative history supports the view that equitable remedies such as specific performance may be treated as claims.

6

> Section [101(5)(B)] ... is intended
> to cause the liquidation or
> estimation of contingent rights of
> payment for which there may be an
> alternative equitable remedy with
> the result that the equitable remedy
> will be susceptible to being
> discharged in bankruptcy.   For
> example, in some States, a judgment
> for specific performance may be
> satisfied by an alternative right to
> payment in the event performance is
> refused; in that event, the creditor
> entitled to specific performance
> would have a 'claim' for purposes of
> a proceeding under title 11.

Cong. Rec. 32393 (1978).

Based upon the statute, the legislative history and the
Supreme Court's analysis in Kovacs, an equitable remedy will "give
rise to a right to payment" and therefore be a "claim" under
§101(5)(B) if the payment of monetary damages is an alternative to
the equitable remedy.   In re Ben Franklin Hotel Associates, 186
F.3d 301, 305 (3rd Cir. 1999); In re Nickels Midway Pier, LLC, 341
B.R. 486, 499 (D. N.J. 2006).

In Nickels, the Court analyzed New Jersey law and found that
a buyer seeking specific performance of a contract to convey real
estate could also seek compensatory or benefit of the bargain
damages.  Therefore, the Court concluded that the buyer's claim for
specific performance for breach of the real estate contract was a
claim discharged in the bankruptcy case.  Id. at 500.

Florida law is similar leading to the same result.

"Under Florida law, a vendor's breach of a

7

> real estate contract gives rise to alternative
> remedies: the purchaser may (1) elect to sue
> in an action at law for damages suffered as a
> result of the breach; or (2) the purchaser may
> elect to sue in equity to compel specific
> performance of the terms of the contract."

Gaul at p 22, citing Miller v. Rolfe, 97 So.2d 132 (Fla. 1st DCA 1957).  Since the breach of the contract at issue here gave rise to a right to payment under Florida law, Plaintiff held a claim that was discharged in Defendant's bankruptcy case.  Therefore, the Court will vacate its Final Judgment in favor of Plaintiff on Count III of the Complaint and enter judgment for the Defendant.

Based upon the foregoing, it is –

**ORDERED** as follows:

1.   The Motion for Rehearing is granted.

2.   The Court will enter an Amended Final Judgment in favor of the Defendant.

### ###

COPIES FURNISHED TO:

Michael A. Frank, Esq.
10 N.W. LeJeune Road, Suite 620
Miami, Florida 33126
(Counsel for Defendant)

Michael P. Shienvold, Esq.
18901 N.E. 29th Avenue, Suite 100
Aventura, Florida 33180
(Counsel for Plaintiff)