Tagged opinion



**ORDERED in the Southern District of Florida on April 09, 2007.**

                                                  **Robert A. Mark, Judge**
                                           **United States Bankruptcy Court**

_____

```
                UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
                         MIAMI DIVISION
```

|  |  |
|---|---|
| In re | CASE NO. 05-11395-BKC-RAM |
|  | CHAPTER 7 |
| KYLE RABIN, |  |
|      Debtor. |  |
| BLAIR 11D CONDO, LLC, a Florida limited liability company, |  |
|      Plaintiff, |  |
| vs. | ADV. NO. 05-6098-BKC-RAM-A |
| KYLE RABIN, |  |
|      Defendant. |  |

### ORDER GRANTING LIMITED STAY PENDING APPEAL

The Court conducted a hearing on April 5, 2007, on the Motion for Stay Pending Appeal (CP# 54) filed by Plaintiff/Appellant, Blair 11D Condo, LLC. Appellant seeks a stay of this Court's

Amended Final Judgment (CP# 35).

The Court's Amended Final Judgment held that Appellant's claim for specific performance of a contract for the sale of the Defendant/Debtor's condominium (the "Condominium") to Appellant was discharged in Defendant's underlying Chapter 7 case.  Appellant seeks a stay pending appeal prohibiting Defendant from selling the condominium since a sale would prevent Appellant from obtaining meaningful relief if it prevails on the appeal.

At the hearing, Defendant's counsel advised that the Defendant was attempting to refinance the existing debt on the Condominium. Counsel did not know whether Defendant may alternatively attempt to sell the Condominium during the pendency of the appeal.

An appellant seeking a stay pending appeal must demonstrate four elements: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) no substantial harm to the advise party if the stay is issued and (4) issuing the stay will serve the public interest.  Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986); Henkel v. Lickman (In re Lickman), 301 B.R. 739, 742 (Bankr. M.D.Fla. 2003).  Although the appellant must typically show that success on the merits is "likely or "probable," a stay may nevertheless be issued where the appellant demonstrates that his or her chances of success are merely "substantial" so long as a strong showing weighing heavily in the appellant's favor is made on the latter three elements.  Meese, 781 F.2d at 1453.  A

"serious legal question" is sufficient to demonstrate the appellant's chances on the merits is substantial. <u>Sierra Club v. United States Army Corp. Of Engineers</u>, 2007 WL 402830 (M.D.Fla. 2007).

Based upon these standards, the Court finds that a limited stay prohibiting Defendant from selling the Condominium pending further Order is appropriate.  If, during the course of the appeal, the Defendant enters into a contract for sale which would be subject to this stay, a continuation of the stay could and should be considered by the district court since, at that point, continuing the stay in effect could be prejudicial to the Defendant. As such, the district court may choose to terminate the stay or keep it in place only if Appellant posts a bond.

Based on the present record, including, in particular, no present intention by Defendant to sell the Condominium, this limited stay is appropriate and no bond is necessary.  There are bona fide issues on appeal and the Appellants' right to specific performance, if it prevails on appeal, will be lost if the Condominium is sold.  The stay will be revisited if the Defendant does seek to sell the Condominium during the pendency of the appeal and can demonstrate that she will suffer financial hardship if she is precluded from closing on a sale.  Therefore, there should be no prejudice to the Defendant arising from this limited stay.

For the foregoing reasons, it is -

**ORDERED** as follows:

1. The Motion for Stay Pending Appeal is granted in part.

2. Pending further Order (from this Court before the appeal is docketed in the district court or from the district court, after the appeal is docketed), the Defendant may not sell or convey any ownership interest in the Condominium.

3. This limited stay shall not prevent Defendant from closing on a refinance of the existing mortgage (or mortgages) on the Condominium.

4. No bond shall be required for this limited stay.

5. The intent of this Order is for the district court to give de novo consideration to a motion by the Defendant to terminate or modify the stay if, during the pendency of the appeal, Defendant does seek to sell the Condominium and can demonstrate that she will suffer financial detriment if she is precluded from closing on the sale.

###

COPIES FURNISHED TO:
Michael A. Frank, Esq.
Michael P. Shienvold, Esq.